Kathryn N. Nester (UT Bar #13967)
Nester Lewis PLLC
50 W. Broadway, Suite 300
Salt Lake City, Utah 84101
kathy@nesterlewis.com
(801) 535-4375

Priya Chaudhry *admitted pro hac vice*
ChaudhryLaw PLLC
147 W. 25th Street, 12th Floor
New York, New York 10001
priya@chaudhrylaw.com
(212) 785-5550

*Attorneys for Angela Elstein*

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANGELA CHRISTINA ELSTEIN, et al.,<br><br>Defendants. | **MOTION TO CONTINUE TRIAL**<br><br>Case No. 2:18-cr-00099-CW |

COMES NOW Defendant Angela Elstein, pursuant to the Speedy Trial Act and DUCrimR 12-1(l), and respectfully moves this Court to continue trial in the above-captioned matter for ninety additional days, until June 8, 2023, and to reset the motion deadline accordingly in this matter. In making this request, Ms. Elstein is waiving her right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new trial date will be excluded from the time calculation pursuant to the Speedy Trial Act. The government is stipulating to this motion. The grounds in support of this motion are as follows:

1

1. On August 25, 2022, this Court granted Ms. Elstein's stipulated motion for a continuance and set a trial date of March 10, 2023.

2. The trial of this matter cannot be completed within the time allotted for the following specific reasons:

    a. Counsel for Ms. Elstein and the government are actively negotiating a plea agreement. Moreover, consistent with the constitutional requirement for the effective assistance of counsel during plea bargaining, pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), defense counsel needs additional time to evaluate any and all government offers to properly advise Ms. Elstein as to the impact of any such offer(s); and

    b. Trying the case will require a lengthy number of witnesses that defense counsel and the government need adequate time to prepare for trial. As to Ms. Elstein, proceeding to trial without giving defense counsel sufficient time to prepare would deny her the reasonable time necessary for effective representation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.

3. Section 3161(h) of Title 18 of the United States Code excludes certain periods of time in calculating the seventy days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

>  (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>  * * *
>
>  (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i, iv).

4. Based on paragraphs 1–2 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, and a continuance of ninety days is justified.

5. No parties will suffer any prejudice if this case is delayed for an additional ninety days.

6. Ms. Elstein has been notified of the filing of this motion and consents to same. She understands and agrees that the time elapsing between now and her new trial date will not be included in the calculation of the elapsed time under the Speedy Trial Act.

7. The government has confirmed it stipulates to this motion.

8. For purposes of computing the date under the Speedy Trial Act by which the defendant's trial must commence, the defendant agrees that the time period of February 6, 2023, to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at the defendant's request, with no opposition from the government, on the basis of the Court's finding that: (i) the ends of justice served by

3

the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense counsel and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

Therefore, Ms. Elstein respectfully moves this Court to continue the trial of this matter for ninety additional days, scheduling the trial for June 8, 2023.

Dated this 6th day of February, 2023.

CHAUDHRYLAW PLLC

By:   */s/ Priya Chaudhry*
        Priya Chaudhry

        ChaudhryLaw PLLC
        147 W. 25th Street, 12th Floor
        New York, New York 10001
        Tel: (212) 785-5550
        priya@chaudhrylaw.com

        *Attorneys for Angela Elstein*

---

[1] Nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.